**Trustcorp Bank, Ohio**
v.
**Lytten**
*[Cite as 4 AOA 186]*

Case No. L-89-098
Lucas County, (6th)
Decided June 22, 1990

*Mark Tantari, for Appellant.*

*Greg Shibley, for Appellee, Lois Skaff.*

ABOOD, J.

This is an appeal from a decision of the Lucas County Court of Common Pleas which granted defendant-appellee Lois Skaff's motion for summary judgment and entered judgment in her favor against plaintiff-appellant Trustcorp Bank of Ohio. Appellant sets forth the following assignments of error:

"1. THE TRIAL COURT ERRED IN HOLDING THAT, SINCE APPELLANT'S NOTICE REFERRED TO THE SUBJECT SALE AS A 'PUBLIC SALE', AS A MATTER OF LAW, APPELLANT WAS REQUIRED, PURSUANT TO O.R.C. §1309.47 (C), TO GIVE APPELLEE SKAFF NOTICE AS IF A PUBLIC SALE NOTWITHSTANDING THE REAL NATURE OF THE SALE.

"2. THE TRIAL COURT ERRED IN GRANTING APPELLEE SKAFF SUMMARY JUDGMENT AND DISMISSING APPELLANT'S COMPLAINT AGAINST HER BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST AS TO THE TRUE NATURE OF THE SUBJECT SALE.

"3. THE TRIAL COURT ERRED IN FINDING THAT THE NOTICE GIVEN TO APPELLEE SKAFF WAS INSUFFICIENT AND NOT IN COMPLIANCE WITH THE STATUTORY NOTICE MANDATED BY O.R.C. §1309.47 (C), AND THUS, AN ABSOLUTE BAR TO APPELLANT'S RIGHT OF RECOVERY ON THE DEFICIENCY BALANCE AGAINST APPELLEE SKAFF ON HER GUARANTY."

The undisputed facts giving rise to this appeal are as follows:

On April 16, 1985, defendant Lytten obtained a loan in the amount of $150,000 from appellant to be used to open a clothing store called D.R. Lytten Fine Menswear. A promissory note was executed by Lytten both personally and as president of D.R. Lytten's Incorporated. Simultaneous with this transaction, appellee Skaff executed and delivered to appellant a guaranty securing Lytten's promissory note in the amount of $50,000. On August 10, 1987, shortly after Lytten notified appellant that D.R. Lytten Fine Menswear was going out of business, the promissory note came into default. On August 17, 1987, appellant repossessed all of Lytten's collateral, consisting mainly of men's clothing inventory and equipment. On September 21, 1987, appel-

lant sent a notice of repossession and default to appellee, her counsel and defendant, Lytten's counsel which states in pertinent part:

"You are hereby notified that unless you pay the above total sum to cure default within the fifteen (15) days after this notice is mailed, the above listed collateral will be available for public inspection for the purpose of a public sale, which is to be held at 'Journey's End Storage Facility,' 203 Main Street, Delta, Ohio. A date and time of this public sale is to be scheduled."

The notice also informed the parties that liability may result for any deficiency remaining after the sale. On October 1, 1987, appellee returned a signed acknowledgement of receipt of the notice to appellant. Appellee took no further action and, on November 20, 1987, appellant made an initial demand, by letter, for appellee to make payment of the $50,000 provided for in her guaranty of the loan to Lytten. On November 30, 1987, appellee responded to the demand letter by requesting that appellant take immediate action against defendant, Lytten and pursue all available remedies against him.

Appellant advertised the impending sale of the Lytten collateral, and on December 22, 23 and 24, 1987, and February 1, 2, 3, and 4, 1988, a retail liquidation sale was held at which much of the repossessed clothing and equipment was sold. The remaining items, except for a clothing steam press, were sold at auction on February 6, 1988. The amount raised by the sale of the collateral was $18,400, which appellant applied toward the balance due on the promissory note.

On May 13, 1988, appellant sold Lytten's principle residence at a private auction. The proceeds of this sale in the amount of $22,634.24 were also applied to the balance of the promissory note leaving a deficiency balance of $150,145.43.

On May 27, 1988, appellant sent a final demand letter to appellee, requesting payment of the $50,000. Appellee failed to make any payment and on July 25, 1988, appellant filed this action requesting judgment against defendant, Lytten in the amount of $150,145.43 plus interest on the original promissory note and $2,690.97 plus interest on a second note for which appellee's guaranty does not apply, and judgment against defendant-appellee, Skaff on her guaranty of the original promissory note in the amount of $50,000 plus interest.

On September 16, 1988, appellee filed her answer and motion for summary judgment on the complaint. In support of her motion, appellee

argued that the notice of the sale of collateral was inadequate under the requirements of R.C. 1309.47(C) because of its failure to specify a date and time for commencement of the sale and that the failure to comply constituted a complete bar to recovery by appellant. Citing *Liberty Bank* v. *Greiner* (1978), 16 Ohio Op. 3d 291.

In considering appellee's motion for summary judgment, the trial court noted the clear language of the September 21, 1987, notice of repossession, which stated that the collateral would be offered "* * * for public inspection for the purpose of a public sale.* * *" In reaching its decision, the trial court relied on the findings of the *Liberty* court, which held:

"* * * R.C. 1309.47(C) requires us to adopt the view that a creditor's full compliance with the statutory notice requirements is a condition precedent to the recovery of a deficiency judgment.* * * [T]he creditor's failure to prove that a proper notice of disposition was sent to the debtor operates as a complete defense in a deficiency action brought by the creditor.* * *" *Id.* at 131.

In this case, on February 23, 1989, the trial court filed its judgment entry in which it found that the September 21, 1987, repossession notice sent by appellant to appellee lacked specificity as to date and time of the sale and was, therefore, not in compliance with R.C. 1309.47(C), that plaintiff-appellant's failure to establish proper notice operated as a complete bar to recovery and that appellee was entitled to summary judgment.

It is from this granting of summary judgment that appellant has appealed.

This court notes that defendant, Lytten failed to answer or appear in the trial court and on April 17, 1989, a default judgment was granted against him in the amount of $161,898.93. He is not a party to this appeal.

This court will consider all three of appellant's assignments of error together since they all raise the same issue of whether or not appellee was entitled to judgment as a matter of law that appellant's notice of sale was insufficient under R.C. 1309.47(C).

R.C. 1309.47(C) states, in pertinent part:

"* * * Disposition of the collateral may be by public or private proceedings and * * * reasonable notification of the *time and place* of any *public sale* or reasonable notification of the *time* after which any *private sale or other intended disposition* is to be made shall be sent by the secured party to the debtor. * * *" (Emphasis added).

R.C. 1309.47(C) distinguishes between public and private sale of repossessed collateral, requiring specificity as to time, date and place of a public sale, and reasonable notice of time after which either a private sale or other disposition of the property will be conducted.

Appellant's assignments of error rest on the claim that the trial court failed to consider the actual nature of the sale, notwithstanding the nature indicated by the language of its notice. Specifically, appellant argues that the sale of collateral was not done at a public auction, where presumably appellee should have been afforded the opportunity to protect and/or mitigate any deficiency produced by the sale by entering the bidding herself, but at a retail sale in which the items were pre-tagged with listed prices. Therefore, appellant argues, appellee could not have successfully protected or mitigated the deficiency produced by the sale, because the pre-tagged merchandise was not sold at negotiable prices. Appellant submits further that a genuine issue of material fact exists as to the nature of the sale, precluding summary judgment.

Appellee's response is based on the plain language of appellant's only notice of repossession and sale:

"* * * the above listed collateral will be available for public inspection for the purpose of a *public sale* * * *." (Emphasis added).

Appellee argues, and the trial court agreed, that this language clearly indicated that the nature of the sale was to be public. Appellee submits further that, as a public sale, R.C. 1309.47(C) requires that "reasonable notification of the time and place" of the sale be given to the concerned parties. Appellee concludes that, assuming arguendo that the sale was public in nature, appellant's notice was insufficient to satisfy R.C. 1309.47(C) because it stated only that "* * * a date and time of this public sale is to be scheduled." Appellee submits that the lack of specificity as to time and place constitutes a complete bar to recovery. Citing *Liberty, supra.*

Appellee argues in the alternative that, even if the nature of the sale is found to be private, requiring notice only of the time after which the sale is to be held under R.C. 1309.47(C), appellant's notice to appellee is defective for stating, erroneously, that the sale would be public, and for not stating that the sale would be non-public. As to this argument, appellee concludes that the notice should be held ineffective and invalid for being misleading.

In reviewing the record, this court finds no evidence to indicate that the sale was anything but public. The sole item of evidence submitted by appellant was the affidavit of Leo Banasiak, appellant's collection agent, who signed the repossession notice. In his affidavit, Banasiak repeatedly refers to the sale as "public" and in paragraph six states a "public sale * * * was in fact held * * *." Appellant is bound by its own admissions and cannot now disown the testimony which it voluntarily placed in the record. *Winkler v. Columbus* (1948), 149 Ohio St. 39.

The notice that was provided clearly indicated that the collateral was to be sold at a public sale. Compliance with R.C. 1309.47(C) requires that, in a public sale, the interested party must be notified of the date, time and place of the sale. Here, appellant's notice stated only that a date and time would be scheduled.

Upon consideration of the entire record of proceedings in the trial court, this court finds that there remains no genuine issue as to any material fact and that when construing the evidence in a light most favorable to appellant, reasonable minds can only conclude that the assets were sold at a public sale, the notice given to appellee did not comply with the requirements of R.C. 1309.47(C) and appellee is entitled to judgment as a matter of law.

Accordingly, appellant's three assignments of error are found not well-taken.

Upon consideration whereof, this court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed.

*Judgment affirmed.*

HANDWORK, P.J., and ABOOD, J., concur.

Prior to his death, Judge John J. Connors, Jr., did participate in the decision-making process of this case.