CAPITAL FUND LEASING, L.L.C., Appellant,

v.

GARFIELD, Appellee.

[Cite as *Capital Fund Leasing, L.L.C. v. Garfield* (1999), 135 Ohio App.3d 579.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76417.

Decided Nov. 8, 1999.

*Luper, Sheriff & Neidenthal* and *Jeffrey B. Sams,* for appellant.

*Dettelbach, Sicherman & Baumgart* and *Richard A. Baumgart,* for appellee.

JAMES D. SWEENEY, Judge.

An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc. App.R. 11.1. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. *Crawford v. Eastland Shopping Mall Assn.* (1983), 11 Ohio App.3d 158, 11 OBR 240, 463 N.E.2d 655; App.R. 11.1(E).

In the notice of appeal *sub judice,* plaintiff-appellant Capital Fund Leasing, L.L.C., appeals from the final order of the trial court which awarded post-judgment interest in the amount of ten percent from a judgment on a promissory note. Defendant-appellee Robert E. Garfield has not filed an appellee's brief. For the reasons adduced below, we modify the judgment of the trial court to reflect a postjudgment interest rate of eighteen percent.

A review of the record on appeal indicates that the defendant executed a promissory note in the principal amount of $388,355.56 in favor of plaintiff on December 31, 1998. In the event of default under the terms of the note, the instrument provided interest on the unpaid balance at the rate of eighteen percent per annum, compounded daily.

On April 13, 1999, following the default of defendant, plaintiff took a judgment against defendant on the basis of the promissory note and the confession of judgment provisions therein. The trial court awarded the sum of $405,783.27

plus interest from April 12, 1999 (the date of the judgment hearing), at the rate of ten percent per annum compounded daily, plus costs.[1]

The lone assignment of error states the following:

"The trial court erred in restricting postjudgment interest to [ten percent]."

■ Appellant argues that it was error for the trial court, by interlineation, to order interest in an amount less than that agreed upon by the parties pursuant to the terms of the promissory note. Specifically, appellant contends that the court erred in modifying the stipulated interest rate of eighteen percent contained in the note to reflect a postjudgment interest rate of ten percent.

Because the promissory note in question identified a rate of interest, this matter is governed by the application of R.C. 1343.02, rate upon judgments on instruments containing stipulation, which provides:

"Upon *all judgments*, decrees, or orders, *rendered on any* bond, bill, *note, or other instrument of writing containing stipulations for the payment of interest in accordance with section 1343.01* of the Revised Code, *interest shall be computed until payment is made at the rate specified in such instrument.*" (Emphasis added.)

R.C. 1343.01, maximum rate, which is Ohio's general usury statute, provides:

"(A) The parties to a bond, bill, *promissory note*, or other instrument of writing for the forbearance or payment of money at any future time, *may stipulate therein for the payment of interest upon the amount thereof at any rate not exceeding eight per cent per annum* payable annually, *except as authorized in division (B) of this section.*

"(B) Any party may agree to pay a rate of interest in excess of the maximum rate provided in division (A) of this section when: (1) The original amount of the *principal* indebtedness stipulated *in the* bond, bill, *promissory note*, or other instrument of writing *exceeds one hundred thousand dollars;*

" * * *

"(5) The instrument is payable * * * in one installment and is not secured by household furnishings or other goods used for personal, family, or household purposes. (6)(a) The loan is a business loan * * *." (Emphasis added.)

The principal amount in the promissory note in question exceeds $100,000. Additionally, the note was due in one payment (March 31, 1999), and arose from a business transaction. Therefore, pursuant to the exceptions contained in R.C.

---

1. The judgment entry prepared by plaintiff's counsel provided postjudgment interest at the rate of eighteen percent per annum, compounded daily, but the trial court modified the term "18%" and by interlineation inserted "10%."

1343.01(B)(1), (5) and (6)(a), the rate of interest on the overdue amount is the stipulated rate contained in the note.

This preference to enforcing the stipulated rate of interest contained in a contract assented to by the parties, rather than applying the statutory default rate of ten percent interest, which applies to judgments on contracts, is similarly stated in R.C. 1343.03(A).[2] See *P.& W.F., Inc. v. C.S.U. Pizza, Inc.* (1993), 91 Ohio App.3d 724, 729–730, 633 N.E.2d 606; *Ohio Sav. Bank v. Repco Electronics, Inc.* (Aug. 13, 1998), Cuyahoga App. No. 73218, unreported, 1998 WL 474180, at 2–3; *Cuff's, Inc. v. Clemmons* (Oct. 13, 1994), Cuyahoga App. No. 66913, unreported, 1994 WL 568320; *Markan v. Sawchyn* (Dec. 22, 1983), Cuyahoga App. No. 46885, unreported, 1983 WL 2932.

Accordingly, the judgment of the trial court is modified to reflect a post-judgment interest rate of eighteen percent.

Assignment affirmed.

*Judgment affirmed.*

PORTER, A.J., and MICHAEL J. CORRIGAN, J., concur.

---

**2.** By its terms, R.C. 1343.03 is inapplicable if R.C. 1343.02 applies. This is the case in the appeal *sub judice.*