[Cite as *Ohio Neighborhood Fin., Inc. v. Adkins*, 2010-Ohio-3164.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| OHIO NEIGHBORHOOD FINANCE INC., DBA CASHLAND, | ) ) ) | |
| PLAINTIFF-APPELLANT, | ) ) | CASE NO. 09-CO-38 |
| VS. | ) ) | OPINION |
| SANDRA ADKINS, | ) ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Columbiana County
                              Municipal Court, Columbiana County,
                              Ohio
                              Case No. 09CVF1484

JUDGMENT:                     Reversed and Modified

APPEARANCES:
For Plaintiff-Appellant       Attorney Steven W. Mastrantonio
                              Attorney M. Elizabeth Vollmar
                              Roderick Linton Belfance, LLP
                              1500 One Cascade Plaza
                              Akron, Ohio 44308

For Defendant-Appellee        Sandra Adkins, pro-se
                              320 Newgarden Avenue
                              Salem, Ohio 44460

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: June 28, 2010

DONOFRIO, J.

{¶1} Plaintiff-appellant Ohio Neighborhood Finance, Inc. d.b.a. Cashland (Cashland) appeals a default judgment entered in its favor in the Columbiana County Municipal Court and takes issue with the interest rate awarded by the trial court.

{¶2} On January 14, 2009, defendant-appellee Sandra Adkins borrowed $500.00 from Cashland located at 144 North Main Street, Columbiana, Ohio 44408. The loan agreement provided that Adkins would repay the $500.00 loan plus a finance charge of $45.16 for a total of $545.16 to Cashland two weeks later on January 28, 2009. Adkins attempted to repay the loan by check but the check was returned.

{¶3} On July 21, 2009, Cashland sued Adkins for breach of contract. Cashland sought $592.16 plus 25 percent interest from the date of default. The additional money above $545.16 included a 5 percent late charge of $27.00 and a returned check fee of $20.00, both as provided for in the contract and according to law. After Adkins failed to answer, Cashland filed for default judgment. On October 14, 2009, the trial court awarded Cashland $592.16 plus interest from the date of default. However, the court awarded Cashland only the 5 percent statutory rate of interest as opposed to the 25 percent sought by Cashland and provided for in the contract. This appeal followed.

{¶4} Initially, it should be noted that Adkins has failed to file a brief in this matter. Therefore, we may accept Cashland's statement of the facts and issues as correct and reverse the judgment if Cashland's brief reasonably appears to sustain such action. App.R.18(C).

{¶5} Cashland's sole assignment of error states:

{¶6} "The trial court erred as a matter of law by granting the statutory interest rate on a judgment where there was a written contract that clearly provided for a higher rate of interest in accordance with R.C. 1321.571."

{¶7} R.C. Chapter 1321 (Small Loan Act) governs loans of $5,000.00 or

less. R.C. 1321.571 allows a lender to "contract for and receive interest at any rate or rates agreed upon or consented to by the parties to the loan contract or open-end loan agreement, but not exceeding an annual percentage rate of twenty-five per cent."

**{¶8}** In addition, R.C. 1343.03(A) establishes interest rates for both prejudgment and post-judgment interest. It provides that:

**{¶9}** "[W]hen money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, *unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.*" (Emphasis added.)

**{¶10}** Ohio courts, including this one, have held that interest rates higher than the statutory rates are permissible when provided for in the contract. *Capital Fund Leasing, L.L.C. v. Garfield* (1999), 135 Ohio App.3d 579, 582, 735 N.E.2d 23, 24; *Classic Funding v. Burgos*, 8th Dist. No. 80844, 2002-Ohio-6047; *John Soliday Fin. Group. L.L.C. v. Wetzl*, 7th Dist. No. 09-MA-04, 2010-Ohio-756. As indicated in R.C. 1343.03(A), in order for a rate, other than the statutory rate of interest to apply, two prerequisites must be met: (1) there must be a written contract between the parties; and (2) the contract must provide a rate of interest with respect to money that becomes due and payable. *Hobart Bros. Co. v. Welding Supply Serv., Inc.* (1985), 21 Ohio App.3d 142, 144, 21 OBR 152, 486 N.E.2d 1229; *Chappell Door Co. v. Roberts Group, Inc.* (May 6, 1991), 12th Dist. No. CA90-09-013. For there to be a written contract, "there must be a writing to which both parties have assented." *Hobart* at 144, 486 N.E.2d 1229. Once a judgment is rendered, the interest rate in the contract will continue to govern until the amount due is paid. *Ashville Bank v. Higley* (Jan. 27,

1987), 4th Dist. No. 85-CA-43, citing *Hobart*.

{¶11} In *Progressive Parma Care v. Weybrecht*, 8th Dist. No. 89953, 2008-Ohio-213, appellee signed a contract which required payment upon the bill, with an 18 percent per annum interest rate if bills were not paid. Appellee incurred unpaid charges of $15,485.95. Appellant entered suit to recover charges and the trial court granted appellant's unopposed motion for summary judgment. The judgment entry stated that appellant was entitled to "$15,485.95, plus interest thereon at [legal interest] per annum." Id. at ¶4. The trial court had crossed out the 18 percent interest and inserted "legal interest" in its place. Id. at ¶5. On appeal the appellant argued, "the trial court erred when it entered judgment for 'legal interest' when the contract between the parties * * * provided for an 18 percent rate." Id. The court of appeals held that appellant was entitled to the 18 percent interest rate as agreed upon in the writing. Id. at ¶9.

{¶12} Similarly, in the present case, the parties have a written contract specifying an interest rate higher than the statutory amount. The parties stipulated to this amount in writing through the loan agreement, which Adkins signed. The trial court found the contract existed and that Adkins breached the contract, holding her liable to Cashland. In the contract, Adkins agreed to pay the principal amount of $500.00, "plus interest at a rate of 25% per annum on the principal outstanding for the time outstanding from the date of this Customer Agreement *until paid in full.*" (Emphasis added.) The trial court's judgment at the statutory interest rate, as opposed to the interest rate of 25 percent, contravenes the "preference to enforcing the stipulated rate of interest contained in a contract assented to by the parties, rather than applying the statutory default rate." *Capital Fund Leasing*, 135 Ohio App.3d at 582, 735 N.E.2d 23. See, also, *Ohio Valley Mall Co. v. Fashion Gallery Inc.* (1998), 129 Ohio App.3d 700, 705, 719 N.E.2d 8, 719 N.E.2d 8 (holding that when parties to a written contract agree to an interest rate exceeding the statutory amount, R.C. 1343.03[A] mandates that post-judgment interest be assessed at the contractual rate). According to R.C. 1343.03 and the contract, Cashland is entitled to

the 25 percent interest rate, and the trial court erred when it disregarded the contractual stipulation.

**{¶13}** Accordingly, Cashland's sole assignment of error has merit.

**{¶14}** The judgment of the trial court is hereby reversed and modified to reflect the contractual interest rate of 25 percent.

Vukovich, P.J., concurs.

DeGenaro, J., concurs.