[Cite as *E-Z Cash Pawn Shop, Inc. v. Minor*, 2017-Ohio-4405.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| E-Z Cash Pawn Shop, Inc.,<br>d/b/a Affordable Loan, | : | |
| | : | |
| Plaintiff-Appellee/<br>Cross-Appellant, | : | No. 15AP-911<br>(M.C. No. 2014 CV 29531) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Janice Minor, | : | |
| Defendant-Appellant/<br>Cross-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on June 20, 2017

**On brief:** *Kevin O'Brien & Associates,* and *Kevin O'Brien,* for appellee/cross appellant. **Argued:** *Kevin O'Brien.*

**On brief:** *The Legal Aid Society of Columbus,* and *Scott E. Torguson,* for appellant/cross-appellee. **Argued:** *Scott E. Torguson.*

APPEAL from the Franklin County Municipal Court

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant/cross-appellee, Janice Minor, from a judgment of the Franklin County Municipal Court, overruling her objections to a magistrate's decision and entering judgment in favor of plaintiff-appellee/cross-appellant, E-Z Cash Pawn Shop, Inc., d.b.a. Affordable Loan ("E-Z Cash"), in an action for breach of a loan agreement. E-Z Cash has filed a cross-appeal from the trial court's denial of its motions to dismiss appellant's counterclaim and to stay the case and compel arbitration.

{¶ 2}   The following facts, which are essentially undisputed, are drawn primarily from the May 29, 2015 decision of the magistrate, as well as a stipulation entered by the parties on January 28, 2015.  On July 6, 2010, E-Z Cash issued a loan to appellant in the amount of $569.49, with 25 percent simple interest.  According to the terms of the written loan instrument entered between the parties, the loan was made pursuant to the Ohio Mortgage Loan Act ("OMLA").  Appellant provided E-Z Cash with a check in the amount of $575, and E-Z Cash agreed not to cash the check until July 20, 2010.

{¶ 3}   E-Z Cash subsequently presented appellant's check to a bank, which returned the check to E-Z Cash with the notation "unable to locate account."  Appellant made one partial payment to E-Z Cash in the amount of $100 but made no other payments on the loan.

{¶ 4}   On September 10, 2014, E-Z Cash filed a complaint against appellant alleging breach of the loan agreement.  E-Z Cash sought judgment for the principal amount due on the loan ($569.49), plus simple interest at the rate of 25 percent per annum from July 6, 2010, a returned check charge of $20, and a loan default charge of $15.

{¶ 5}   On October 6, 2014, appellant filed an answer and counterclaim.  In the counterclaim, appellant alleged that E-Z Cash had violated R.C. 1321.591 by failing to comply with practices set forth in the federal Fair Debt Collection Practices Act ("FDCPA"); specifically, appellant argued that E-Z Cash charged an interest rate in excess of the rate authorized under R.C. 1321.57(A).

{¶ 6}   On November 3, 2014, E-Z Cash filed an answer to the counterclaim asserting in part that FDCPA was inapplicable and that, in the alternative, appellant failed to commence her counterclaim within one year of the alleged violation.  E-Z Cash also filed a motion to stay the case and compel arbitration in the event the case was transferred out of the small claims division of the municipal court.  On November 4, 2014, E-Z Cash filed a motion to dismiss appellant's counterclaim on the grounds it was time-barred.

{¶ 7}   Appellant subsequently filed a memorandum contra E-Z Cash's motion to stay the case and compel arbitration, as well as a memorandum contra E-Z Cash's motion to dismiss the counterclaim.  On the date scheduled for trial, December 9, 2014, the parties appeared before the magistrate and agreed to submit trial briefs in lieu of an evidentiary hearing.  At that time, appellant orally requested leave to amend her

counterclaim to include an additional alleged FDCPA violation, which the magistrate denied.  On January 14, 2015, appellant filed a renewed motion for leave to amend her counterclaim.  In the accompanying memorandum in support, appellant argued she had learned, during the parties meeting before the magistrate on December 9, 2014, that E-Z Cash's complaint requested an amount that had not been offset by a payment.  The magistrate denied appellant's renewed motion for leave to amend the counterclaim.

{¶ 8}   On May 9, 2015, the magistrate issued a decision finding the interest rate E-Z Cash sought to recover "does not violate R.C. 1321.57(A) because the rate is specifically authorized as an alternative rate by the plain language of R.C. 1321.571."  Having found that the rate was permissible, the magistrate further determined that appellant's "counterclaim must fail."[1]  The magistrate found that E-Z Cash was entitled to judgment in the amount of $469.49, "plus simple interest from the date of the loan at 25% per annum, plus $35.00 for check-return and default charges."

{¶ 9}   On June 12, 2015, appellant filed objections to the magistrate's decision arguing the magistrate erred in denying leave to amend the counterclaim and in finding that E-Z Cash was entitled to charge an interest rate of 25 percent.  On June 16, 2015, E-Z Cash filed a renewed motion to stay the case and to compel arbitration.  By decision and entry filed August 31, 2015, the trial court overruled appellant's objections to the magistrate's decision and also denied E-Z Cash's motion to stay the case and compel arbitration.

{¶ 10} Appellant appealed the judgment of the trial court, and E-Z Cash filed a notice of cross-appeal from the trial court's decision denying its motions to dismiss appellant's counterclaim and to stay the case and compel arbitration.  On October 15, 2015, E-Z Cash filed a motion to dismiss appellant's appeal, which appellant opposed.  By entry filed November 10, 2015, this court held that E-Z Cash's motion to dismiss the appeal, as well as appellant's memorandum contra, "shall be submitted to the court at such time as the court addresses the merits of this appeal."  On November 13, 2015, E-Z Cash filed a motion to stay and to compel arbitration.  By entry filed November 20, 2015, this court denied E-Z Cash's motion to stay and ruled that E-Z Cash's motion to compel

---

[1] The magistrate denied as moot E-Z Cash's motion to dismiss appellant's counterclaim.

arbitration would be submitted to the court at the time it addresses the merits of the appeal.

{¶ 11} On appeal, appellant sets forth the following two assignments of error for this court's review:

> ASSIGNMENT OF ERROR I: The Trial Court Abused Its Discretion By Denying Ms. Minor's Motion For Leave To Amend Her Counter Claim.
>
> ASSIGNMENT OF ERROR II: The Trial Court Erred By Granting Judgment For E-Z Cash On Its Complaint At The Interest Rate Of 25%, And By Granting E-Z Cash Judgment On Ms. Minor's Counter Claim.

{¶ 12} On cross-appeal, E-Z Cash sets forth the following two assignments of error for review:

> I. THE TRIAL COURT ERRED IN FAILING TO STAY THIS CASE AND COMPEL ARBITRATION AFTER EZ CASH MOVED FOR SAME.
>
> II. THE TRIAL COURT ERRED IN FAILING TO DISMISS MS. MINOR'S COUNTERCLAIM AS TIME-BARRED.

{¶ 13} Under her two assignments of error, appellant contends the trial court erred in (1) denying her motion for leave to amend her counterclaim, and (2) granting judgment for E-Z Cash on its complaint at the interest rate of 25 percent. We will address appellant's assignments of error in inverse order.

{¶ 14} In general, R.C. 1343.03(A) "establishes interest rates for both prejudgment and post-judgment interest." *Midwestern Auto Sales, Inc. v. Lattimore,* 12th Dist. No. CA2014-02-029, 2015-Ohio-53, ¶ 24. Under R.C. 1343.03(A), "a creditor is entitled to interest at the rate per annum determined pursuant to R.C. 5703.47, unless a written contract provides for a different rate of interest." *Zanesville Glass Supply, Inc. v. Goff,* 5th Dist. No. CT2007-0026, 2008-Ohio-1243, ¶ 48. Ohio courts have held that interest rates higher than the statutory rates are permissible when provided for in a contract. *Ohio Neighborhood Fin,. Inc. v. Adkins,* 7th Dist. No. 09-CO-38, 2010-Ohio-3164, ¶ 10. *See also Ohio Neighborhood Fin., Inc. v. Evert,* 5th Dist. No. 09CA000034, 2010-Ohio-797, ¶ 10 ("when a written contract contains a legal rate of interest, then the contractual rate should be applied to the judgment").

{¶ 15} In order for there to be a deviation from the statutory rate of interest, "two prerequisites must be met: (1) there must be a written contract between the parties; and (2) the contract must provide a rate of interest with respect to money that becomes due and payable." *Ohio Neighborhood Fin., Inc. v. Marsh,* 7th Dist. No. 09 MA 164, 2010-Ohio-3163, ¶ 8, citing *Hobart Bros. Co. v. Welding Supply Serv., Inc.*, 21 Ohio App.3d 142, 144 (10th Dist.1985).

{¶ 16} Under the OMLA (R.C. 1321.51 through 60, et seq.), certain loan providers are required to register with the Ohio Department of Commerce, and a registrant under the act is subject to the requirements of R.C. 1321.57(A) and 1321.571. *Ohio Neighborhood Fin., Inc. v. Massey,* 10th Dist. No. 10AP-1020, 2011-Ohio-2165, ¶ 14.

{¶ 17} In general, a registrant under OMLA "may contract for and receive interest at a rate not exceeding 21 percent per year on the unpaid principal balances of a precomputed loan." *Ohio Neighborhood Fin., Inc. v. Christie,* 8th Dist. No. 94821, 2010-Ohio-5017, ¶ 8. In this respect, R.C. 1321.57(A) states in part: "Notwithstanding any other provisions of the Revised Code, a registrant may contract for and receive interest, calculated according to the actuarial method, at a rate or rates not exceeding twenty-one per cent per year on the unpaid principal balances of the loan."

{¶ 18} The OMLA, however, "also contains an alternative rate provision." *Christie* at ¶ 8. Specifically, R.C. 1321.571 provides in part: "As an alternative to the interest permitted in division (A) of section 1321.57 * * * of the Revised Code, a registrant may contract for and receive interest at any rate or rates agreed upon or consented to by the parties to the loan contract or open-end loan agreement, but not exceeding an annual percentage rate of twenty-five per cent."

{¶ 19} Appellant argues the provisions of R.C. 1321.57(A) and 1321.571, which set forth different permissible rates, appear to be contradictory; appellant maintains that the rate set forth under R.C. 1321.57(A) should prevail and that the trial court erred in granting judgment in favor of E-Z Cash based on the alternative rate under R.C. 1321.571. Appellant acknowledges, however, that this court has previously determined the rate under R.C. 1321.571 is permissible where the amount was part of a contract between the parties. *See Massey.*

{¶ 20} Under the facts of *Massey,* the appellant loan company sued the appellee-debtor, alleging default on a loan agreement. The agreement in that case provided a

promise on the part of the debtor to pay interest at a rate of 25 percent per annum, but the trial court applied an interest rate of four percent.  On appeal, this court determined that the trial court erred in failing to apply an interest rate of 25 percent where the parties had a written contract providing for such rate, holding in part:

> It is unclear to us why the General Assembly provided an interest rate of 21 percent in one section and then provided an alternative rate of 25 percent in the very next section, using substantially similar language. Nevertheless, we will not second-guess the wisdom of the General Assembly. R.C. 1321.571 expressly allows a registrant to provide an alternative interest rate up to 25 percent, as long as the amount is part of a consensual contract between the parties. The undisputed evidence shows that Cashland and Mills agreed to an interest rate of 25 percent.  Therefore, the interest rate of 25 percent is lawful, and the trial court erred by not applying it.
>
> R.C. 1343.03(A) does not require a different result. That section applies a statutory rate of interest to a judgment, but, as this court has stated, that statutory rate "is simply a default rate to be charged should the parties not contract otherwise." *First Bank of Ohio v. Wigfield*, 10th Dist. No. 07AP-561, 2008-Ohio-1278, ¶ 19, citing *Ohio Valley Mall Co. v. Fashion Gallery, Inc.* (1998), 129 Ohio App.3d 700, 704 * * *.  R.C. 1343.03(A) states that the statutory rate applies unless that contract provides a different interest rate, "in which case the creditor is entitled to interest at the rate provided in that contract."
>
> Here, it is undisputed that Cashland and Mills entered into a written contract that provides an interest rate of 25 percent. Therefore, that rate of interest applies to the judgment against Mills, and the trial court erred by applying a different rate.

*Massey* at ¶ 17-19.

{¶ 21} Appellant contends this court expressed "confusion" in *Massey* as to the proper construction of OMLA and argues there is an historical explanation as to why the OMLA has two separate maximum rates of interest.  Specifically, appellant argues the legislature provided two separate rates to allow a lender a choice between a 21 percent interest rate or a 25 percent annual percentage rate.  According to appellant, the OMLA did not define the term "annual percentage rate" at the time of the statute's enactment in 1982, meaning the federal definition was utilized.  Appellant asserts "what now looks like

a conflict makes sense: R.C. 1321.57(A) only allows an interest rate of 21% 'notwithstanding any other provisions of the Revised Code,' while R.C. 1321.571 only allows loans with a maximum [annual percentage rate] of 25%." Appellant requests this court to construe the "notwithstanding" language of R.C. 1321.57(A) as rendering any loan with an interest rate above 21 percent a violation of the OMLA. As such, appellant effectively asks this court to overrule our prior decision in *Massey.*

{¶ 22} The magistrate rejected appellant's argument on this issue, relying on this court's decision in *Massey* to conclude that the 25 percent interest rate charged by the underlying contract was lawful under R.C. 1321.571. The magistrate found that, "in light of the plain language of R.C. 1321.571 identifying 25% as a specific alternative to the rate authorized under R.C. 1321.57(A), the statute is not reasonably susceptible to differing interpretations," and thus "engaging in legislative 'historical' analysis * * * to determine whether the code section means something other than what it plainly states is not appropriate."

{¶ 23} On review, we find that the magistrate, as well as the trial court, properly relied on *Massey* to find that the 25 percent rate was lawful in accordance with the provisions of R.C. 1321.571. As stated in *Massey,* "R.C. 1321.571 expressly allows a registrant to provide an alternative rate up to 25 percent, as long as the amount is part of a consensual contract between the parties." *Id.* at ¶ 17. Accordingly, the trial court did not err in finding E-Z Cash was entitled to interest at the contractually stipulated rate.

{¶ 24} We note, in addition to this court's pronouncement in *Massey,* other Ohio appellate courts have similarly held that R.C. 1321.571 permits a lender to provide an alternative interest rate of up to 25 percent and that such rate is permissible if provided for in a contract. *See, e.g., Adkins* at ¶ 12 (reversing trial court's award of interest at statutory rate where parties had written contract specifying interest rate higher than the statutory amount; lender was entitled to the contractually stipulated 25 percent interest rate); *Evert* at ¶ 11 (trial court erred in applying the statutory interest rate of 5 percent to the judgment instead of 25 percent as agreed upon by contract and allowed by R.C. 1321.571); *Marsh* at ¶ 12 (25 percent interest rate in loan contract was permitted by R.C. 1321.571, and lender was entitled post-judgment interest at the same 25 percent rate contained in the loan agreement); *Ohio Neighborhood Fin., Inc. v. Dotson,* 4th Dist. No. 09CA27, 2010-Ohio-3366, ¶ 6 (noting that "R.C. 1321.571 allows [the lender] to contract

for interest not to exceed an annual rate of twenty-five percent (25%)," and that "[w]hen a written contract contains a legal rate of interest, that rate should be applied to the judgment"); *Christie* at ¶ 10 (where parties entered into a loan agreement and agreed to an interest rate not exceeding an annual percentage rate of 25 percent and given the clear statutory authority under R.C. 1321.571 allowing lender to impose a maximum annual interest rate of 25 percent, "the trial court should have enforced the interest rate agreed to by the parties").

{¶ 25} Accordingly, appellant's second assignment of error is overruled.

{¶ 26} Under the first assignment of error, appellant contends the trial court erred in denying leave to amend her counterclaim to plead an additional alleged violation of the FDCPA. Appellant argues that leave to amend should be freely granted and that the request for leave to amend was made in good faith.

{¶ 27} As noted under the facts, appellant filed a counterclaim on October 6, 2014 asserting that E-Z Cash was attempting to collect a judgment at an illegal rate of interest in violation of OMLA and FDCPA. The matter was set for trial on December 9, 2014; on that date, the parties appeared before the magistrate and agreed to submit trial briefs in lieu of an evidentiary hearing. During that proceeding, appellant made an oral motion to amend the counterclaim, seeking to assert a new FDCPA claim, which the magistrate denied. The magistrate subsequently issued an order noting that the parties had agreed to waive trial of the matter and instead to present a statement of stipulated facts on or before January 26, 2014; the order further noted that appellant had already filed a trial brief, and the magistrate required E-Z Cash to file its brief on or before January 26, 2014. On January 14, 2015, appellant filed a renewed motion for leave to amend her counterclaim.

{¶ 28} In the decision filed May 29, 2015, the magistrate, noting that appellant's prior oral motion for leave to amend her counterclaim had been denied as untimely under R.C. 1925.02(C), denied the renewed motion for leave to amend "for the same reason." The trial court, in overruling appellant's objections to the magistrate's decision, similarly determined that appellant's request for leave to amend her counterclaim was not timely under R.C. 1925.02(C).

{¶ 29} R.C. 1925.02(C) states: "Any person who files a counterclaim or cross-claim shall file it with the small claims division and serve it on all other parties at least seven

days prior to the date of the trial of the plaintiff's claim in the original action." Under Ohio law, "[w]hile leave to amend should be freely given 'when justice so requires,' whether to grant leave to amend the pleadings lies within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion." *Martin v. Block Communications,* 6th Dist. No. L-16-1213, 2017-Ohio-1474, ¶ 30.

{¶ 30} The record in this case indicates that appellant's oral request for leave to amend the counterclaim was made on the date set for trial (December 9, 2014) and sought to add a new claim under the FDCPA; further, at the time of the oral request, the case had been pending on the court's docket for approximately three months. Although the parties agreed on that date to submit evidence to the magistrate by way of stipulation, the magistrate did not set a new trial date; rather, the magistrate set a deadline for the submission of the stipulation and the remaining trial briefs. With respect to the renewed motion to amend, the magistrate apparently deemed the request disruptive to the briefing schedule, noting that such motion was made "in the midst of the parties preparing and filing their trial briefs." Under the facts and circumstances presented, we find no abuse of discretion by the trial court in denying the motion for leave to amend. *See, e.g., Fifth Third Bank v. Gen. Bag Corp.,* 8th Dist. No. 92793, 2010-Ohio-2086, ¶ 39 (where party sought to amend their counterclaim seven days before trial and was not seeking to remedy an apparent oversight or omission in the original complaint but, instead, sought to add an entirely new claim, trial court did not abuse its discretion in denying a motion for leave to amend).

{¶ 31} Accordingly, appellant's first assignment of error is not well-taken and is overruled.

{¶ 32} We next address E-Z Cash's assignments of error on cross-appeal, as well as its pending motions to compel arbitration and to dismiss the appeal. Under these assignments of error, E-Z Cash argues the trial court erred in failing to stay the case and compel arbitration and that the court erred in failing to dismiss appellant's counterclaim as time-barred.

{¶ 33} The issue raised under E-Z Cash's first assignment of error on cross-appeal is interrelated with its motions before this court to compel arbitration and to dismiss appellant's appeal. In those motions, E-Z Cash contends in part that the loan agreement in this case contains an agreement to resolve any disputes not in small claims court via

arbitration pursuant to the provisions of the Federal Arbitration Act. E-Z Cash argues the trial court erred in denying its motion to stay and compel arbitration, and that the court should have referred the case to arbitration consistent with the parties' agreement and the terms of the Federal Arbitration Act.

{¶ 34} Paragraph 18(a) of the parties' loan agreement states in part: "Any and all claims, controversies, or disputes arising out of or related in any way to this Agreement shall be subject to binding arbitration pursuant to * * * the Federal Arbitration Act." Section 18(g) of the loan agreement states:

> Small Claims Court: Notwithstanding any other provision of this Arbitration Agreement, either you or we shall retain the right to seek adjudication in Small Claims Court of any matter within its jurisdiction. Any appeal from a Small Claims Court judgment shall be conducted in accordance with Section 8 of this Arbitration Agreement.

{¶ 35} Thus, Section 18(a) of the loan agreement contains an arbitration provision to resolve any disputes arising out of or related to the agreement by binding arbitration in accordance with the Federal Arbitration Act. However, Section 18(g) of the agreement contains an exception permitting either party the right to seek adjudication in small claims court with respect to any matter within that court's jurisdiction.

{¶ 36} As noted under the facts, E-Z Cash initiated the instant action by filing its complaint in small claims court. As also noted, E-Z Cash filed (on November 3, 2014) a motion to stay the case and compel arbitration "in the event the instant case is transferred out of the Small Claims Division." In its memorandum in support, E-Z Cash asserted that any objections to the magistrate's decision filed by either party would trigger arbitration, i.e., E-Z Cash argued that the filing of objections would remove the case from the small claims division. Subsequent to the filing of objections by appellant, E-Z Cash filed with the trial court a renewed motion to stay the case and compel arbitration.

{¶ 37} In response, appellant argued that R.C. 1925.10, which sets forth the criteria for transfer of a case from the small claims division, does not list the filing of objections to a magistrate's decision as one of the grounds for transfer. Appellant further argued that E-Z Cash had cited no authority for the proposition that the filing of objections to a magistrate's decision in small claims court triggers removal of the action from the small claims docket.

{¶ 38} In denying E-Z Cash's motion to stay and compel arbitration, the trial court agreed with appellant's position and ruled that the arbitration clause provided in the parties' contract was inapplicable to actions in small claims court. On review, we find no error by the trial court in rejecting E-Z Cash's unsupported assertion that the filing of objections to the magistrate's decision somehow operated to remove the case from the small claims division. Accordingly, the trial court did not err in denying E-Z Cash's motion to stay the case and compel arbitration.[2]

{¶ 39} E-Z Cash's first assignment of error on cross-appeal is overruled.

{¶ 40} Under its second assignment of error on cross-appeal, E-Z Cash contends the trial court erred in failing to dismiss appellant's counterclaim as time-barred. As noted, appellant's counterclaim alleged that E-Z Cash had failed to comply with the FDCPA by charging an interest rate in excess of the rate authorized under R.C. 1321.57(A). However, based on our disposition of appellant's second assignment of error, holding that the trial court did not err in finding that the 25 percent rate charged by E-Z Cash was authorized under R.C. 1321.571, the argument raised under E-Z Cash's second assignment of error on cross-appeal is rendered moot.

{¶ 41} Based on the foregoing, appellant's first and second assignments of error are overruled, E-Z Cash's first assignment of error on cross-appeal is overruled, E-Z Cash's second assignment of error on cross-appeal is rendered moot, E-Z Cash's motions to compel arbitration and to dismiss appellant's appeal are denied, and the judgment of the Franklin County Municipal Court is hereby affirmed.

*Judgment affirmed; Motion to compel arbitration denied;*
*Motion to dismiss appeal denied.*

LUPER SCHUSTER and HORTON, JJ., concur.

———————————————

[2] In its pending motions to compel arbitration and to dismiss appellant's appeal, E-Z Cash relies on the same arguments rejected by the trial court in denying its motion to compel arbitration. Having found no error by the trial court, we similarly deny E-Z Cash's motion to compel arbitration, and we also deny its motion to dismiss appellant's appeal.