JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from the trial court's judgment in favor of plaintiff-appellant, Clerac, Inc., and ordering defendant-appellee, Geraldine E. Cochran, to pay Clerac $5,378.24, plus postjudgment interest at the statutory rate and costs, on an unpaid account. Clerac argues that the trial court erred in not awarding it pre-and postjudgment interest at 18% per annum, and attorney's fees, as specified in its contract with Cochran. We reverse and remand.
 {¶ 2} On August 12, 2006, [1] Cochran entered into a four-page agreement with Clerac for the rental of a Ford Focus. Under the terms of the agreement, Cochran was responsible for the safe return of the vehicle. On October 11, 2006, Cochran rear-ended a car, causing over $5,000 of damage to the Focus. She returned the car to Clerac on October 12, 2006.
 {¶ 3} Clerac subsequently filed suit against Cochran to recover monies owed under the rental agreement. Clerac admits that it attached only the first page of the four-page rental agreement to its complaint. The first page indicated that Cochran assumed responsibility for any damage to the vehicle, but made no *Page 3 
reference to pre-or postjudgment interest. Page two of the agreement stated that "renter shall pay owner on demand *** a late charge of 1½% per month, not to exceed the maximum allowable by law, on all charges not paid within 30 days after the end of the rental period." It also provided that the renter shall pay "all expenses incurred by owner in the collection of amounts due owner under this agreement, *** including attorney's fees."
 {¶ 4} After Cochran failed to answer, Clerac moved the trial court for default judgment. Clerac sought $5,378.24 in damages from Cochran, as well as pre-and postjudgment interest from October 12, 2006 at 1.5% per month (18% per annum) and attorney's fees in the amount of $2,171.51, pursuant to the rental agreement. The trial court subsequently granted Clerac's motion for default "in the amount of $5,378.24, statutory interest from date of judgment, and costs of this action."
 {¶ 5} Clerac then moved the trial court for clarification of its judgment entry, asserting that the trial court's judgment failed to make any provision for prejudgment interest, failed to award postjudgment interest at the rate specified in the rental agreement, and failed to award attorney's fees as provided by the contract.
 {¶ 6} The trial court granted Clerac's motion for clarification of its judgment and then explained why its judgment would remain unchanged: *Page 4 
 {¶ 7} "Plaintiff argues the court failed to award prejudgment interest, post-judgment interest at the rate specified by contract, and attorney's fees. Plaintiffs motion references page two of the contract as evidence of the interest rate agreed to by the parties as well as defendant's acknowledgment [s]he would pay attorney's fees. Attached to the complaint was only page one of the contract. Pages two through four were omitted. A full copy of the contract was never provided to the court prior to judgment. Therefore, there was no evidence provided to the court to establish prejudgment interest, postjudgment interest at a rate greater than the statutory rate, or attorney's fees. Further, plaintiff did not provide a billing itemization for work completed on this case, as well as documentation to support that the attorney's fees charged were reasonable."
 {¶ 8} In its first assignment of error, Clerac argues that the trial court erred in not awarding pre-and postjudgment interest at the 18% per annum rate provided by the rental agreement. In its second assignment of error, Clerac contends that the trial court erred in not awarding attorney's fees per the agreement.
 {¶ 9} The awarding of pre-and postjudgment interest in a breach of contract action is governed by R.C. 1343.03(A), which states:
 {¶ 10} "*** [W]hen money becomes due and payable upon any *** instrument of writing *** and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of *** a contract or other *Page 5 
transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."
 {¶ 11} The Supreme Court has held that the award of prejudgment interest in a breach of contract case is not discretionary. See, e.g.,Royal Elec. Constr. Corp. v. Ohio State Univ. (1995), 73 Ohio St.3d 110,115. The only questions for the trial court are when interest commences to run, i.e., when the claim became due and payable, and what legal rate of interest should be applied. Commsteel, Inc. v. Bender Constr.,Inc. (Dec. 3, 1998), Cuyahoga App. No. 74189. "It is reversible error for a trial court not to award prejudgment interest on judgments rendered under R.C. 1343.03(A)." Id.
 {¶ 12} Thus, the trial court erred in not ordering Cochran to pay Clerac prejudgment interest. We do not agree with Clerac, however, that the rate for either the pre-or postjudgment interest should be 18% per annum, as specified in the rental agreement. Clerac attached only the first page of the four-page rental agreement to its complaint and did not attach any part of the agreement to its motion for default judgment. Although Clerac included with its motion for default an affidavit from an "authorized representative" who stated that *Page 6 
Cochran was liable under the terms of the rental agreement for "Contractual Carrying Charges in the amount of 1.5% per month, on all charges not paid within 30 days," the affidavit was insufficient to establish either pre-or postjudgment interest at a rate greater than the statutory rate, because it made no assertion that the affiant had any personal knowledge of the rental agreement. Because the affidavit was insufficient and the trial court never received a complete copy of the rental agreement, the court had no evidence from which it could conclude that the parties had agreed to a rate other than the statutory rate for either pre-or postjudgment interest. Likewise, without a complete copy of the rental agreement, the trial court had no evidence that Cochran had agreed to pay attorney's fees.
 {¶ 13} Accordingly, we reverse and remand so the trial court can correct its order to include prejudgment interest at the statutory rate commencing at a date to be determined by the trial court. Appellant's first assignment of error is sustained in part; its second assignment of error is overruled.
Reversed and remanded.
It is ordered that the parties share equally the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and PATRICIA A. BLACKMON, J., CONCUR.
[1] Not September 12, 2006, as stated by Clerac. *Page 1