DECISION AND JOURNAL ENTRY
{¶ 1} Appellant John Soliday Financial Group, LLC ("John Soliday") appeals from a default judgment entered in its favor by the Wayne County Court of Common Pleas and challenges the post-judgment interest rate awarded by the trial court. We affirm.
 FACTS {¶ 2} On February 22, 2006, Appellee Robert Stutzman ("Stutzman") purchased a used car under a retail installment credit contract, financing $8,953.19 at an annual percentage rate of 24.75 percent. The contract was assigned to Atlantic Financial Services, Inc. on the date of contract.
 {¶ 3} In May 2007, Stutzman defaulted on the contract, owing $6,591.90 at the time. The vehicle was repossessed, sold at auction and the proceeds were applied to Stutzman's outstanding balance. In December 2007, the contract was assigned to Ameristar Financial *Page 2 
Services, LLC which assigned the contract to John Soliday. At the time of the assignment to John Soliday, the outstanding balance was $4,041.90.
 {¶ 4} John Soliday filed a complaint in the Wayne County Court of Common Pleas on March 4, 2008. Stutzman was served on April 4, 2008, but did not file an answer to the complaint. John Soliday filed for default judgment on April 11, 2008; however, default judgment was not awarded in favor of John Soliday until September 12, 2008, as John Soliday failed to provide proof of chain of title documents to the trial court until August 26, 2008. The trial court awarded John Soliday $4,041.90, plus prejudgment interest at the contract rate and post-judgment interest at the statutory rate.
 {¶ 5} John Soliday filed the instant appeal and asserts one assignment of error. John Soliday argues the trial court erred in awarding post-judgment interest at the statutory rate instead of the contractual rate. Stutzman did not file an appellate brief. Thus, pursuant to App. R. 18(C), this Court "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
 STANDARD OF REVIEW {¶ 6} "Because this assignment of error raises issues of law only, our review is de novo." State v. Hochstetler, 9th Dist. No. 03CA0025,2004-Ohio-595, at ¶ 10. "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." Rusov v. Ansley, 9th Dist. No. 23748, 2007-Ohio-7022, at ¶ 12. (Citations omitted.)
 POST-JUDGMENT INTEREST {¶ 7} Section 1343.03(A) of the Ohio Revised Code establishes interest rates for both prejudgment and post-judgment interest. R.C. 1343.03(A) provides that: *Page 3 
 "when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."
Therefore, a judgment creditor is entitled to a contractual interest rate instead of the statutory rate "when (1) the parties have a written contract, and (2) that contract provides a rate of interest with respect to money that becomes due and payable." First Bank of Ohio v.Wigfield, 10th Dist. Nos. 07AP-561, 07AP-562, 2008-Ohio-1278, at¶ 20. The statutory rate is a default rate to be used when the parties have not otherwise stipulated to another rate in a written agreement. Id. at ¶ 19.
 {¶ 8} We affirm the judgment of the trial court as John Soliday has failed to provide a complete copy of the retail installment contract for our review. The installment contract at issue indicates that it is a two page document; John Soliday only provided this Court, and the trial court, with the first page. While the first page does contain an interest rate of 24.75 percent, a schedule of payment dates, and Stutzman's signature, it does not contain any provisions addressing nonpayment or default, or the rate that would apply in the case of default. Thus, from the record there is no written agreement as to the interest rate in the event of default. The first page of the contract indicates that the buyer "can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties." Thus, we assume that the contract contains provisions addressing payment in the event of default, but we have no way of knowing what those provisions are as they were not provided to us. Where there is insufficient evidence to establish a written, agreed upon rate of interest, it is appropriate for the trial court to award interest at the *Page 4 
statutory rate. See Clerac, Inc. v. Cochran, 8th Dist. No. 90582,2008-Ohio-4864, at ¶ 12 ("Because the affidavit was insufficient and the trial court never received a complete copy of the rental agreement, the court had no evidence from which it could conclude that the parties had agreed to a rate other than the statutory rate for either pre-or postjudgment interest."); Reynolds v. Morris (Sept. 30, 1997), 10th Dist. Nos. 97APE02-227, 97APE02-252, at *8 ("The note does not address the rate of interest to be applied after the amount becomes due and payable. * * * Because the note does not provide for a rate of post-judgment interest, the trial court correctly ordered post-judgment interest at [the statutory rate].")
 {¶ 9} We note that the trial court did not articulate why it chose to award post-judgment interest at the statutory rate, however, we conclude that it was not error for the trial court to do so, given that John Soliday failed to provide the complete contract for review.
 CONCLUSION {¶ 10} This Court overrules John Soliday's assignment of error and affirms the judgment of the Wayne County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the *Page 5 
period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. Costs taxed to Appellant.
CARR, J. DICKINSON, P. J. CONCUR. *Page 1