[Cite as *Designers Choice, Inc. v. Attractive Floorings, L.L.C.*, 2020-Ohio-4617.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| DESIGNERS CHOICE, INC. | | C.A. No. 19CA011576 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ATTRACTIVE FLOORINGS, LLC, et al. | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellees | | CASE No. 15CV188007 |

DECISION AND JOURNAL ENTRY

Dated: September 28, 2020

HENSAL, Judge.

{¶1} Designers Choice, Inc. appeals the denial of its motion for directed verdict, motion to reopen the judgment, and motion for new trial in the Lorain County Court of Common Pleas. For the following reasons, this Court affirms in part and reverses in part.

I.

{¶2} Designers Choice and Attractive Floorings, LLC were both in the floor covering business. Interested in expanding its business, Attractive Floorings entered into an asset purchase agreement with Designers Choice in 2012. Under the terms of the agreement, Attractive Floorings acquired all of the assets of Designers Choice, including its inventory, furniture, fixtures, equipment, and all other tangible and intangible property. In exchange, Attractive Floorings agreed to pay Designers Choice $355,000. Attractive Floorings signed a promissory note, promising to pay Designers Choice $3,697.92 monthly until January 1, 2020, followed by the

remainder of the principal. Attractive Floorings' owner, Eric Moen, signed a guaranty of the payments.

{¶3}    Everything went well until 2015 when Mr. Moen suffered a series of health issues. Unable to keep Attractive Floorings' business going, he informed the owner of Designers Choice, Jon Lilley, that he was going to have to declare bankruptcy. Sympathetic to Mr. Moen's situation, Mr. Lilley allegedly told him that, if he returned some of the equipment Attractive Floorings had purchased and got up to date on a separate rental agreement he had signed with Mr. Lilley and his mother, Mr. Lilley would forgive the balance remaining on the asset purchase agreement. Mr. Moen complied with Mr. Lilley's terms, but did not end up filing for bankruptcy because he was able to sell one of his other locations. When Mr. Lilley learned that Mr. Moen did not file for bankruptcy, had sold one of his locations for a substantial amount, and that Attractive Floorings had run up a large balance on Designers Choice's line of credit at various merchants, he demanded payment of the balance of the asset purchase agreement and accelerated the promissory note.

{¶4}    When Mr. Moen did not pay the rest of the balance owed, Designers Choice sued Attractive Floorings for breach of contract and to collect on the note. It also sued Mr. Moen under his guaranty. Attractive Floorings and Mr. Moen counterclaimed, alleging that the parties had orally amended the agreement. At trial, Designers Choice sought $200,885.28, which it claimed was the balance of the promissory note. Following the presentation of the evidence, it moved for a directed verdict, which the trial court denied. The jury found in favor of Designers Choice, but only awarded it $50,000 in damages. The trial court subsequently entered a judgment in favor of Designers Choice for $50,000 without interest. Designers Choice moved to reopen the judgment and for a new trial, seeking the entire $200,885 plus prejudgment and post-judgment interest, but the trial court denied its motions. Designers Choice has appealed, assigning five errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT DENIED DESIGNERS CHOICE, INC.'S MOTION FOR A DIRECTED VERDICT.

{¶5} In its first assignment of error, Designers Choice argues that the trial court incorrectly denied the motion for directed verdict that it made at the close of Attractive Floorings' case. A motion for directed verdict tests the legal sufficiency of the evidence supporting a claim. *Ruta v. Breckenridge-Remy Co.*, 69 Ohio St.2d 66, 68 (1982). Consequently, a motion for directed verdict can only be granted when, having construed the evidence most strongly in favor of the nonmoving party, the trial court concludes that reasonable minds could only reach a conclusion upon the evidence submitted that is adverse to the nonmoving party. Civ.R. 50(A)(4). If there is substantial and competent evidence supporting the position of the nonmoving party and reasonable minds might reach different conclusions, a trial court must deny the motion. *Hawkins v. Ivy*, 50 Ohio St.2d 114, 115 (1977). "The 'reasonable minds' test mandated by Civ.R. 50(A)(4) requires the court to discern only whether there exists any evidence of substantive probative value that favors the position of the nonmoving party." *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, 95 Ohio St.3d 512, 2002-Ohio-2842, ¶ 3. This determination does not involve either weighing the evidence or evaluating the credibility of witnesses. *Wagner v. Roche Laboratories*, 77 Ohio St.3d 116, 119 (1996), quoting *Ruta* at 68-69. Because a motion for directed verdict presents a question of law, this Court's review is de novo. *Goodyear* at ¶ 4.

{¶6} Initially, Designers Choice argues that the trial court should have granted it a directed verdict on Attractive Floorings' claim that there had been an oral modification of the asset purchase agreement. We conclude, however, that this argument was rendered moot by the jury's verdict in its favor. Attractive Floorings acknowledged at the start of the trial that its counterclaim

was essentially for setoff. The court instructed the jury that, if it either found that Designers Choice did not prove that Attractive Floorings breached the contracts or that Attractive Floorings proved that Designers Choice agreed to waive the provision that modifications had to be in writing and agreed to modify the agreement, it should enter a verdict for Attractive Floorings. The court explained that the jury would enter a verdict for Attractive Floorings by writing "did not breach" on the first verdict form. The jury, instead, found that Attractive Floorings "breached" the agreement. Thus, in determining that Attractive Floorings breached the agreement, the jury necessarily decided that there had not been an oral modification of the agreement.

{¶7} Designers Choice next argues that it was entitled to a directed verdict on Attractive Floorings equitable estoppel and fraud claims. It also argues that it was entitled to a directed verdict on Attractive Floorings' argument that it had agreed to waive a clause in the agreement that required all changes to be in writing. Specifically, Designers Choice argues that there was no evidence that it waived the requirement that Mr. Moen had to purchase a life insurance policy that had Designers Choice as its primary beneficiary or the requirement that Attractive Floorings was responsible for paying any charges it made under its line of credit at the Edward R. Hart Company. In light of the jury's verdict, we conclude that these arguments are also moot. Accordingly, because Designers Choice's arguments concerning the trial court's denial of its motion for directed verdict are moot, its first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT DENIED DESIGNERS CHOICE, INC.'S MOTION TO REOPEN THE JUDGMENTS AND ENTER JUDGMENTS FOR THE AMOUNT OF THE LIQUIDATED DAMAGES.

{¶8} In its second assignment of error, Designers Choice argues that the trial court incorrectly denied its motion for a judgment notwithstanding the verdict. Civil Rule 50(B)

provides that, after a court enters judgment on a jury's verdict, a party may file a motion for judgment notwithstanding the verdict in order to have the judgment set aside on grounds other than the weight of the evidence. In ruling on such motions, the trial court applies the same test as a motion for directed verdict. *Osler v. City of Lorain*, 28 Ohio St.3d 345, 247 (1986). "[T]his Court reviews a trial court's grant or denial of a judgment notwithstanding the verdict de novo." *Jackovic v. Webb*, 9th Dist. Summit No. 26555, 2013-Ohio-2520, ¶ 15.

{¶9} According to Designers Choice, the trial court should have granted its motion because the evidence established that it was entitled to $200,885.28 for the breach of the agreement. This Court has held, however, that a motion for judgment notwithstanding the verdict is not an appropriate method of challenging the amount of a jury's damages award. *Desai v. Franklin*, 177 Ohio App.3d 679, 2008-Ohio-3957, ¶ 25 (9th Dist.), quoting *Jemson v. Falls Village Retirement Community, Ltd.*, 9th Dist. Summit No. 20845, 2002-Ohio-4155, ¶ 17. Rule 50(B) "provides the means to challenge the jury's verdict, not the jury's award of damages." *Jemson* at ¶ 17. We, therefore, conclude that the trial court did not err when it denied Designers Choice's motion for judgment notwithstanding the verdict. Designers Choice's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT DENIED THE MOTION FOR A NEW TRIAL ON DAMAGES.

{¶10} In its third assignment of error, Designers Choice argues that the trial court incorrectly denied its motion for new trial under Civil Rule 59(A)(4) and (5). That rule provides that "[a] new trial may be granted * * * on all or part of the issues upon * * * (4) [e]xcessive or inadequate damages, appearing to have been given under the influence of passion or prejudice; [or] (5) [e]rror in the amount of recovery, whether too large or too small, when the action is upon

a contract * * *[.]" "Depending upon the basis of a motion for a new trial, this Court reviews the trial court's decision to grant or deny the motion under either a de novo or an abuse of discretion standard of review." *Calame v. Treece*, 9th Dist. Wayne No. 07CA0073, 2008-Ohio-4997, ¶ 13, citing *Rohde v. Farmer*, 23 Ohio St.2d 82 (1970), paragraphs one and two of the syllabus. "[If] the basis of the motion involves a question of law, the de novo standard of review applies, and when the basis of the motion involves the determination of an issue left to the trial court's discretion, the abuse of discretion standard applies." *Dragway 42, L.L.C. v. Kokosing Constr. Co., Inc.*, 9th Dist. Wayne No. 09CA0073, 2010-Ohio-4657, ¶ 32.

{¶11} Designers Choice argues that the jury's damages award was too small and appears to have been given under the influence of passion or prejudice because its actual damages was the "liquidated sum of $200,885.28." Initially, we note that the Ohio Supreme Court has held that, "[if] the parties have agreed on the amount of damages, ascertained by estimation and adjustment, and have expressed this agreement in clear and unambiguous terms, the amount so fixed should be treated as liquidated damages" provided certain conditions exist. *Samson Sales, Inc. v. Honeywell, Inc.*, 12 Ohio St.3d 27 (1984), syllabus. Neither the asset purchase agreement nor the promissory note, however, had a provision concerning stipulated or liquidated damages.

{¶12} Under the terms of the agreement, Attractive Floorings agreed to pay Designers Choice $355,000 to acquire "substantially all the assets of [Designers Choice], including inventory, furniture, fixtures, equipment, and all other property owned by it and used in the operation of the Business, both tangible and intangible * * *." The agreement also provided that the purchase price for the assets "shall be allocated in accordance with Exhibit B attached hereto[.]" Exhibit B, however, was left blank, except for its title of "Allocation of Purchase Price[.]"

{¶13}   Mr. Lilley admitted that Mr. Moen returned a tow motor and carpet cutting machine that were part of the assets Attractive Floorings acquired from Designers Choice.  He also admitted that Mr. Moen "left all of the assets that were a part of the purchase agreement" when he closed Attractive Floorings.  Although Mr. Lilley alleged that the assets Attractive Floorings left behind did not benefit Designers Choice, he admitted that he did not actually look at any of the equipment or take an inventory.

{¶14}   In ruling on the motion for new trial, the trial court determined that it was within the province of the jury to set-off the value of the returned assets from the amount that Attractive Floorings still owed under the purchase agreement.  Designers Choice does not challenge that determination in its appellate brief.  The trial court also noted that the damages instruction broadly directed the jury to decide the "amount of money that will reasonably compensate [Designers Choice] for the actual dam[ages] * * * proximately caused by the conduct of [Attractive Floorings]."

{¶15}   Upon review of the record, we conclude that Designers Choice has not established that the amount of its recovery was too small or that it was given under the influence of passion or prejudice.  The trial court, therefore, did not err when it denied Designers Choice's motion for new trial.  Designers Choice's third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT SPECIFICALLY ORDERED THAT THE MONETARY JUDGMENT FOR DESIGNERS CHOICE, INC. WILL NOT ACCRUE STATUTORY INTEREST.

{¶16}   In its fourth assignment of error, Designers Choice argues that the trial court should have awarded it post-judgment interest.  It argues that, under Revised Code Section 1343.03, a party receiving a definite money judgment is automatically entitled to post-judgment interest at

the statutory rate. Attractive Floorings argues that because the agreement provided there would be no interest, the trial court correctly determined that Designers Choice was not entitled to post-judgment interest.

{¶17} Section 1343.01(A) provides that the parties to a promissory note "may stipulate therein for the payment of interest upon the amount thereof at any rate not exceeding eight per cent per annum payable annually * * *." Section 1343.03(A) provides that, "[i]n cases other than those provided for in section[ ] 1343.01 * * *," "when money becomes due and payable upon any * * * judgment[ ] * * * for the payment of money arising out of * * * a contract * * *, the creditor is entitled to interest at the rate * * * determined pursuant to section 5703.47 * * *, unless a written contract provides a different rate of interest in relation to the money * * *." "Therefore, a judgment creditor is entitled to a contractual interest rate instead of the statutory rate 'when (1) the parties have a written contract, and (2) that contract provides a rate of interest with respect to money that becomes due and payable.'" *John Soliday Fin. Group, LLC v. Stutzman*, 9th Dist. Wayne No. 08CA0046, 2009-Ohio-2081, ¶ 7, quoting *First Bank of Ohio v. Wigfield*, 10th Dist. Franklin Nos. 07AP-561, 07AP-562, 2008-Ohio-1278, ¶ 20.

{¶18} The asset purchase agreement indicated that the purchase price was $355,000. It did not have any language regarding interest rates. A separate promissory note, however, detailed that there would be "no interest thereon" the $355,000, meaning that Attractive Floorings would repay the balance by making 96 monthly payments of $3,697.92. In its complaint, Designers Choice alleged that Attractive Floorings both failed to perform the asset purchase agreement and the promissory note. The jury found that Attractive Floorings "breached [t]he Asset Purchase Agreement and/or Promissory Note[.]"

{¶19}  Although the parties' agreement provided that no interest would accrue on the initial balance, allowing Attractive Floorings to space its payment of the $355,000 over 96 months, there is no language in the contract concerning the rate of interest that would apply to amounts that had become due and payable.  The promissory note's acceleration clause also does not provide that no interest will apply if the entire amount remaining immediately becomes due and payable or in the event of a judgment against Attractive Floorings.  Accordingly, because the asset purchase agreement and promissory note do not provide "a different rate of interest in relation to the money that becomes due and payable," we conclude that Designers Choice was entitled to post-judgment interest at the statutory rate.  R.C. 1343.03(A).  Designers Choice's fourth assignment of error is sustained.

ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DID NOT DETERMINE THE ACCRUAL DATE FOR PREJUDGMENT INTEREST AND FAILED TO AWARD PREJUDGMENT INTEREST.

{¶20}  In its fifth assignment of error, Designers Choice argues that the trial court incorrectly determined that it was not entitled to prejudgment interest.  Section 1343.03(A) "'establishes interest rates for both prejudgment and post-judgment interest' in actions based on contract."  *Rutledge v. Lilley*, 9th Dist. Lorain No. 09CA009691, 2010-Ohio-2275, ¶ 10, quoting *Stutzman*, 2009-Ohio-2081, at ¶ 7.  As previously noted, Section 1343.03(A) provides that, "when money becomes due and payable upon any * * * note, * * * the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable * * *."  Thus, "[f]or entitlement to a rate different than the statutory rate of interest to be charged, R.C. 1343.03(A) sets forth two requisites:  (1) there must be a written contract between the parties,

and (2) the contract must provide a rate of interest with respect to money that becomes due and payable." *Yager Materials, Inc. v. Marietta Indus. Ents., Inc.*, 116 Ohio App.3d 233, 235-236 (4th Dist.1996). This Court reviews a challenge to the rate of interest de novo. *Kulton v. Hoffer*, 9th Dist. Summit No. 24738, 2009-Ohio-5943, ¶ 6.

**{¶21}** The asset purchase agreement and promissory note provide that no interest will accrue on the original balance. They do not contain a provision regarding the interest that will be charged to amounts that have become due and payable. Attractive Floorings argues that the agreement could have provided that there would be interest in the event of a default and that, because it did not, no interest applies. Under Section 1343.03(A), however, the default rule is that prejudgment interest always applies, unless the contract specifically provides otherwise.

**{¶22}** Upon review of the record, we conclude that Designers Choice was entitled to prejudgment interest on its damage award. Designers Choice's fifth assignment of error is sustained.

### III.

**{¶23}** Designers Choice's first, second, and third assignments of error are overruled. Its fourth and fifth assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded for proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

MARK E. STEPHENSON, Attorney at Law, for Appellant.

GEOFFREY R. SMITH, Attorney at Law, for Appellees.